McKlNNET, J.,
delivered the opinion of the Court.
This was an action of debt. The declaration contains several counts, three of which purport to be founded on the following sealed instrument, viz:
“ On the 1st day of June next, we promise to pay B. E. Turner, twenty-one hundred and fifty-eight dollars, a balance on ten thousand five hundred and eighty-eight ties, according to his count, provided, we cash the ties, if we do not cash them, we do not agree to pay him until 1st of February, 1856, but to pay 6 per cent, from the 1st of June until paid. January 18th, 1855.”
“N. W. CARTER, . [L. S.]”
“W. P. --
“JNO. Hill, Security, [l. s.]”
“A. WiLSON, Security, [l. S.]”
The other count's, are the common counts in debt, on simple contract, founded on the original consideration of the foregoing instrument.
Among other -pleas 'to the action, the defendants pleaded a special plea of non esl factum. This plea, in effect, admits the signing and sealing of the instrument, but denies that it ever was delivered to the plaintiff. The substance of the averment of the plea is, that the paper “was placed in the hands of Miller and Freeman, (a mercantile firm,) to be by them held, and not to be delivered over to the plaintiff until they were directed so to do, by the consent and agreement of all the parties,” and the defendants aver that1 they never did consent or agree to the delivery of the paper to the *181 plaintiff; but on the contrary, notified tbe holders thereof not to deliver the same to the plaintiff, before the commencement of this suit. Issue was taken on this plea, and it was found for the plaintiff,'.as were also the other issues made up between the parties, none of which need be noticed, however, except the .first. The verdict was grounded alone, upon the counts declaring on the supposed writing obligatory. And, of course, if the plaintiff were entitled to a recovery at all, it could only have been upon these counts; as the instrument being under seal, if of any validity, operated in law, as a merger and extinguishment of the original ’simple contract. But we are of the opinion, that upon .the state of facts disclosed in the record, the plaintiff was not entitled to recover upon the instrument declared on, nor could he treat it as a nullity, and recover on the consideration of the original agreement.
The witness, Miller — one of the depositaries of the paper proves, that in Eebruary, .1855, in examining the pocket-book containing the notes of the firm of Miller and Freeman, he found the paper ‘ declared on among them, and on inquiry, was informed by Freeman that it did not belong to them, that it had been placed in his possession by the defendant, N. W. Carter, to be held for the latter: that from February, 1855, until sometime in 1856, said paper remained in ■ the custody of the witness, Miller; that in the fall of 1855, the defendant, Carter, notified witness not to give the paper to Turner, as he had not complied with his contract : that in the spring of 1856., Turner, the plaintiff, called on witness for the paper, but he refused to deliver it up to him, informing him that Carter had noti *182 fied bim not to do so, to which the plaintiff replied, “I also notify yon to hold on to the note,” until summoned by the plaintiff to bring it to Court. The witness proves that he never did deliver the paper to the plaintiff, or to any one for him; but he states that in June, 1856, before the institution of this suit, he, at the special request of the attorney of Carter, showed the paper to the plaintiff’s attorney, but merely for the purpose of enabling the latter attorney to know its contents, so as to be able to draft a declaration thereon; and this was permitted, under an express agreement, that it was not to operate as a delivery of the paper, that it was not to prejudice the rights of defendants, nor to confer any right whatever on the plaintiff, in respect to the matter of delivery; but that the rights of the parties, respectively, were to remain precisely as if the paper had not been shown to plaintiff’s attorney at all; and this statement is fully avouched by an admission of the plaintiff’s attorney, made upon the trial of the cause.
Upon the proof, the question made on the trial, whether the burden of proof rested on the plaintiff, or the defendants, under the issue on the plea of non est fac-tum, is of no practical consequence. The general rule is, that upon a special plea of non est factum, which admits the execution of the instrument, but seeks to avoid it upon some ground aside from the execution, the onus jorobandi devolves on the defendant. It is otherwise upon the general plea of non est factum. The distinction rests upon the principle, that the obligation of proving the fact in issue, lies upon the party who substantially asserts the affirmative of the issue. See Brown vs. Phelon; 2 Swan’s Rep. 629, and authorities there *183 referred to. Tested by this rule, tbe onus in tbe present case, was on tbe defendants, to support tbe averment, that tbe instrument was delivered, not to tbe plaintiff, but to Miller and Freeman, as an escrow. And from tbe proof in tbe record, tbe defendants seem to bave voluntarily assumed tbe obligation of proving tbe truth of tbe plea: and, as we tbink, they bave sufficiently established tbe fact, that tbe instrument was delivered merely as an escrow. In- this view, tbe issue on tbe plea of non est factum should have been found for tbe defendants, and there tbe case ought to bave ended. There having been no delivery of the paper to tbe plaintiff, its execution was incomplete, and no action could be maintained upon it. And yet, although as an escrow, it was ineffectual to give tbe plaintiff any right of action thereon, until a second .and unconditional delivery to himself, it was, nevertheless, effectual while it properly remained in tbe hands of tbe depositary as an escrow, to preclude tbe plaintiff from ignoring its existence, and maintaining an action upon tbe consideration of tbe instrument. If tbe party 'to whom tbe instrument was made has, by performance of tbe condition on which it was to bave been delivered, or otherwise, entitled himself rightfully to tbe possession thereof, and tbe depositary of tbe paper, of bis own wrong, or by the wrongful interference of tbe maker, refuses to deliver, and thereby binders tbe right of tbe party from being perfected, so that be cannot avail himself of tbe paper as the proper foundation of an action at law, tbe party injured in such case, is certainly not without remedy. By a wrongful refusal to complete tbe execution of tbe paper by a delivery, tbe maker cannot be permitted to *184 protect bimself from the discharge of his just liability. There can be no doubt but that a Court of Equity would interpose, and upon its being satisfactorily shown that the party had entitled himself to a delivery, by performance of the condition, or by doing whatever, under the circumstances, was reasonably incumbent upon him, would compel a delivery of the instrument. And even at law, as the party in the case supposed, would have a clear right to the possession, we perceive no sensible reason why, after demand and refusal, an action of detinue might not be maintained for the recovery of the paper. The party would be precluded, we think, from alleging, that by his own fraudulent, wrongful act, he had prevented the plaintiff’s legal title to the paper from being complete; and we are likewise prepared to hold, that upon such wrongful refusal to complete the execution of the instrument, the party to whom it is made, and who has acquitted himself of all the duties and obligations resting upon himself, may, after demand and refusal to deliver, elect to repudiate the instrument, and sue upon the pre-existing simple contract. It cannot be, that the party wrongfully refusing to complete the execution of this instrument, on his part, shall be entitled to hold the other party bound by it.
But, to return to the errors assigned upon this record, we concur with the counsel for the plaintiff in error, that the Court misinterpreted the instrument declared on, in holding that, upon its face, there was no time indicated for the delivery of the “ ties” by the plaintiff to the defendant. This is scarcely correct, upon the most literal interpretation of the words of the instrument; much less is it correct upon a rational interpre *185 tation, deduced from the obvious intention of the parties. The most obvious implication, perhaps, from the words of the instrument, would be that the “ties” had in fact been already delivered to the • defendants, before, or at the time of the execution of said instrument. But, be this as it may, it must be taken to have been the mutual understanding and intention of the parties, that the “ ties ” should be delivered at some period prior to the lí¡í of June, 1855, so as to afford the defendants reasonable opportunity to “cash the ties” before that date. The calculation on all hands, manifestly was, that by a sale of the “ ties ” for cash, the defendants would be placed in the possession of funds to meet the payment to the plaintiff on the 1st of June, 1855. A.nd in legal intendment, a previous delivery of the “ ties ” was requisite, to enable the defendants to effect such sale, and to perform the stipulation in regard to the payment. It was not necessary that the time of delivery should have been fixed by the express appointment of a day; it is sufficient, that by necessary implication, the intention is apparent, that the délivery should take place prior to the time fixed for payment of the price agreed to be given for the “ties,” and such is the proper import and construction of the instrument declared on in this case. We are not, however, to be understood as. intimating that it was not competent to show by parol evidence, that a time for delivery was fixed by express verbal agreement of the parties, made either at the time the instrument declared on was executed, or at a subsequent period.
The facts in the record, and the instructions of the Court, suggest various other questions, which it would be *186 useless to notice; as upon tbe grounds already stated, tbe action cannot be maintained upon any of tbe counts in tbe declaration. Tbe plaintiff must abandon tbe present suit, and proceed de novo, to entitle bimself to a recovery.
Judgment reversed.